UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:22-cv-03671 (UNA) |
| v. | ) |
| | ) |
| UNITED STATES SOLICITOR GENERAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* civil complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of Redwood City, California, sues the United States Solicitor General. The complaint is not a model in clarity. Plaintiff alleges that a "criminal conspiracy drive[s] the instant case." He demands a "grand jury investigation" into the "government corruption" behind a purported "broad-govt-conspiracy," that he contends has somehow affected cellphone companies and gun ownership. He also "requests the court to require police agencies to implement a replacement mail program, where lethal/ammo is exchanged for lethal. Selling/possession of lethal/ammo is allowed only at licensed shooting ranges, and if licensed-hunters are allowed. The penalty is the same as for an unregistered-handgun."

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a complaint to contain "(1) a short

and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls into this category. Neither the court nor the defendant can be expected to respond to plaintiff's vague allegations.

Second, although plaintiff cites to 42 U.S.C. § 1985, he fails to provide any facts or context to make out a colorable claim under that statute, and a federal question must "affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009), citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam). He also cites to 18 U.S.C. § 3332, which is a criminal statute that does not provide a private right of action. *See Hantzis v. Grantland*, 772 F. Supp. 2d 1, 3–4 (D.D.C. 2009). And to the extent that plaintiff seeks to compel grand jury proceedings or a criminal investigation, he may not to do so. This court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990), citing cases. The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*,

434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may a plaintiff compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For the stated reasons, the complaint, and this matter, are dismissed without prejudice. Plaintiff's pending motion for summary judgment, ECF No. 3, is dismissed as premature and moot. A separate order accompanies this memorandum opinion.

Date:   January 4, 2023

/s/_____
CHRISTOPHER R. COOPER
United States District Judge